Marvin R. BROADBENT et
al., Plaintiffs,

v.

ORGANIZATION OF AMERICAN
STATES et al., Defendants.

Civ. A. 77–1974.

United States District Court,
District of Columbia.

March 28, 1978.

Francis X. McLaughlin, Kensington, Md.,
for plaintiffs.

Arnold H. Weiss, Arent, Fox, Kintner,
Plotkin & Kahn, Washington, D. C., Gordon
H. Glenn, Wilkes & Artis, Washington, D.
C., for defendants.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District
Judge.

This matter has come before the Court on
Defendants' request for certification in or-
der to take an interlocutory appeal, pursu-
ant to 28 U.S.C. § 1292(b), from this Court's
Order dated January 25, 1978, denying De-
fendants' motion to quash service of sum-
mons and to dismiss the Complaint herein
on jurisdictional grounds. The Court has
received memoranda filed by various inter-
national organizations as *amici curiae* in
support of Defendants' motion for certifica-
tion.[1] Plaintiffs have filed an opposition to
defendants' request for certification. The
Court has considered the motion for certifi-
cation, the opposition thereto and the entire
record in this case, and has reconsidered the
basis for its earlier ruling in the suit. For
the reasons discussed below, the Court con-
cludes that the Order dated January 25,
1978, must be vacated and this action must
be dismissed.

On January 25, 1978, this Court
held that the express language of 22 U.S.C.
§ 288a(b) and the statutory purposes under-
lying the International Organizations Im-
munities Act of 1945 bring international

1. The Court finds it appropriate to allow the
United Nations, the Pan American Health Or-
ganization/World Health Organizations, the In-
ternational Bank for Reconstruction and Devel-
opment, the Inter-American Defense Board and
the Inter-American Development Bank to par-
ticipate as amici curiae herein.

organizations within the terms of the Foreign Sovereign Immunities Act of 1976, and that pursuant to 28 U.S.C. § 1330 this Court had jurisdiction over the parties and controversy involved in the case. Upon careful review of that decision, that Court finds that it did not properly weigh the fact that international organizations, and particularly the Organization of American States, are creatures of treaty and by virtue of treaty stand in a different position with respect to the issue of immunity than sovereign nations.[2] The Court is persuaded that international organizations are immune from every form of legal process except insofar as that immunity is expressly waived by treaty or expressly limited by statute. The Court is further persuaded that this Court has jurisdiction over lawsuits involving international organizations only insofar as such jurisdiction is expressly provided for by statute.

The Foreign Sovereign Immunities Act of 1976 makes no mention of international organizations. The jurisdictional grant of 28 U.S.C. § 1330 refers only to foreign states. Nothing in the International Organizations Immunities Act of 1945 provides for jurisdiction in the district courts over civil actions against international organizations. The Court is persuaded upon reexamination of the arguments of the parties in connection with Defendants' motion to dismiss the Complaint that the construction of the International Organizations Immunities Act of 1945 and the Foreign Sovereign Immunities Act of 1976 which this Court adopted in its Order dated January 25, 1978, was overly broad. The Court concludes that it lacks jurisdiction over this matter and that the action must be dismissed.

---

2. See Article 139 of the Charter of Organization of American States, 2 UST 2394, TIAS 2361, as amended, 21 UST 607, TIAS 6849.